IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA SOSA GONZALEZ, (#41071-179), | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-0214 |
| UNITED STATES PAROLE COMMISSION, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

Federal prisoner Sylvia Sosa Gonzalez (#41071-179) has filed a petition for a writ of mandamus under 28 U.S.C. § 1651, arguing that she is eligible for an initial determination by the United States Parole Commission for release on parole. Alternatively, Gonzalez seeks a writ of habeas corpus under 28 U.S.C. § 2241 or a declaratory judgment under 28 U.S.C. § 1291, regarding her parole eligibility. After reviewing all of the pleadings, and the applicable law, the Court **denies** the petition and **dismisses** this case for reasons that follow.

### I.   DISCUSSION

Gonzalez reports that she was sentenced to serve twenty-three months in prison on February 4, 2005, as the result of a conviction entered against her in the United States District Court for the Southern District of Texas, Corpus Christi Division, for trafficking aliens. Gonzalez does not challenge her underlying conviction here. Instead, Gonzalez

points to two statutes, 18 U.S.C. §§ 4205(b)(1) and 4208(a), and argues that she is entitled to an initial determination by the Parole Commission for release onto parole.

The petitioner seeks for a writ of mandamus to force the Parole Commission to consider her for early release. Mandamus petitions are governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy. *See Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). To obtain a mandamus order, a petitioner must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Id*.

The statutes on which the petitioner relies, 18 U.S.C. §§ 4205(b)(1) and 4208(a), do not show that she has a clear right to relief.[1] Both statutes were repealed by the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, Title II, § 218(a)(5), 98 Stat.

---

[1] Section§ 4208(a) of United States Code Title 18 governs initial determinations regarding parole eligibility by the Parole Commission. Under this statute, an initial determination for a prisoner eligible for parole should be held not later than thirty days before the date that the prisoner becomes eligible for parole. *Id.* According 18 U.S.C. § 4205(a), a prisoner serving a definite term or terms of more than one year "shall be eligible for parole after serving one-third of such term of terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law." Under 18 U.S.C. § 4205(b)(1), a court having jurisdiction to impose sentence may "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court."

2027. Chapter II of this legislation, entitled the Sentencing Reform Act of 1984, took effect on November 1, 1987. *See* Sentencing Reform Amendments of 1985, Pub. L. 99-217, § 4, 99 Stat. 1728 (1985). Since that time, the Parole Commission has retained only limited jurisdiction over, among other things, those defendants who committed their offenses prior to November 1, 1987, and those prisoners transferred to the United States pursuant to a treaty for the purpose of serving a foreign sentence. The petitioner does not fit within any category of the federal prisoners who remain eligible for supervised release by the Parole Commission.

The petitioner insists that the parole system found in the statutes that she invokes somehow "came back into effect" on November 1, 2005, making her eligible for early release from prison. The petitioner cites no authority showing that Congress has reinstated parole for offenders such as herself because there is none. The petitioner fails to show that she is entitled to a writ of mandamus or that she is otherwise entitled to relief under any theory referenced in her petition. Accordingly, her petition must be denied.

## II.     CONCLUSION AND ORDER

For the foregoing reasons, the petitioner is not entitled to the relief that she seeks. Accordingly, the Court **ORDERS** as follows:

1.   The petition for a writ of mandamus, writ of habeas corpus, or declaratory judgment (Docket Entry No. 1) is **DENIED**.

2.   This case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on January 26, 2006.

_____
Nancy F. Atlas
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA SOSA GONZALEZ, (#41071-179), | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-0214 |
| UNITED STATES PAROLE COMMISSION, | § § § § | |
| Respondent. | § | |

### FINAL JUDGMENT

For the reasons set out in the Court's *Memorandum and Order* signed this date, this case is **DISMISSED** with prejudice.

This is a **FINAL JUDGMENT**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on January 26, 2006.

Nancy F. Atlas
United States District Judge